UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KORYEO INTERNATIONAL CORP. )<br><br>Plaintiff, )<br><br>v. )<br><br>KYUNG SUN HWANG, )<br><br>Defendant. ) | Docket No.:<br><br>**VERIFIED COMPLAINT**<br>**FOR INJUNCTIVE RELIEF** |

Plaintiff, KORYEO INTERNATIONAL CORP., doing business in Hudson County, New

Jersey hereby complains of Defendant, KYUNG SUN HWANG as follows:

## NATURE OF THE ACTION

1. This is an action brought by Koryeo International Corp. ("Koryeo"), against its

former head of sales and head of purchasing, Defendant Kyung Sun Hwang a/k/a Jack Hwang

("Defendant"), for temporary restraints, preliminary and permanent injunctive relief, seeking to

(a) enjoin Defendant from utilizing Koryeo's confidential and proprietary information, (b) enjoin

Defendant from soliciting Koryeo's customers to cease purchasing products from Koryeo and/or

purchase products from any company other than Koryeo, (c) ordering Defendant to return all of

Koryeo's confidential and proprietary information (and destroy any copies of such information),

and (d) granting such other further relief as may be just and proper.

2. After his employment with Koryeo ended, Defendant acted without authorization

in accessing and downloading Koryeo's confidential and proprietary information in violation of

both Federal and New Jersey State computer fraud statutes.

3. Defendant's theft of Koryeo's confidential and proprietary information (e.g.

customer and product lists, pricing information and sales data) was perpetrated in furtherance of

1

his scheme to solicit Koryeo's customers to purchase products from Defendant's current employer HF Food Services ("HFFS") (i.e. a competitor of Koryeo).

4.   Defendant's conduct also rises to the level of breach of his fiduciary duty to Koryeo, unfair competition, conversion and misappropriation of confidential and proprietary information, whereby and has been unjustly enriched.

5.   By reason of Defendant's wrongful acts, Koryeo has suffered damages and stands at further and immediate risk of suffering additional and irreparable damages, entitling it to injunctive relief.

6.   Accordingly, Koryeo specifically seeks an order that Defendant should be temporarily retrained and enjoined as follows:

    a.  Enjoined from utilizing Koryeo's confidential and proprietary information;

    b.  Enjoined from soliciting Koryeo's customers to cease purchasing products from Koryeo and/or purchase products from any company other than Kroyeo; and

    c.  Ordered to return all of Koryeo's confidential and proprietary information (and destroy any copies of such information).

## IDENTIFICATION OF PARTIES

7.   Koryeo is and has been at all times pertinent hereto a corporation incorporated in New York and doing business in New Jersey, maintaining its offices and principal place of business at 55 Amity Street, Jersey City, NJ 07304.

8.   Upon information and belief, Defendant is a natural person with his place of residence at 17 Flagstone Lane, Westbury, NY 11590.

## JURISDICTION AND VENUE

9.   This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 based upon Koryeo's assertion of a federal claim for Defendant's violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 *et seq.*

10. The Court also has supplemental jurisdiction over Koryeo's state law claims under 28 U.S.C. § 1367.

11. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in the District.

## STATEMENT OF FACTS

**Koryeo's Operations**

12. Koryeo is in the business of importing and distributing Asian food products in New Jersey and surrounding states including, but not limited to, New York, Connecticut and Pennsylvania.

13. Koryeo has been in business since 1975 and moved its operation from Brooklyn to New Jersey in 2015.

**Defendant's Employment with Koryeo**

14. Defendant was employed by Koryeo from in or around 2010 until he resigned his employment on July 12, 2019.

15. Defendant was first employed as a salesperson at Koryeo. Eventually, in or around 2015, Defendant was promoted to head of sales and the head of purchasing for Koryeo. He remained employed in those roles until the end of his employment.

16. Based on his roles as head of sales and head of purchasing, Defendant was employed in a position of trust.

17. On July 12, 2019, Defendant resigned his employment at Koryeo and explained to Koryeo's owner, Steve Hong ("Hong"), that he was doing so in order to open his own retail fish market.

18. Upon information and belief, Defendant resigned his employment with Koryeo not only to open a retail fish market, but in order to commence employment with HFFS, one of Koryeo's competitors which has its principal place of business at 69 Sellers Street, Kearny, NJ 07032.

19. Upon information and belief, HFFS is currently employed performing sales and purchasing functions for HFFS.

**Defendant's Scheme to Steal Customers from Koryeo**

20. During his employment at Koryeo, Defendant had access to and was exposed to Koryeo's confidential and proprietary information, such as customer lists, vendor lists, sales tactics, pricing, product lists, trade secrets, financial information and general business strategies.

21. Defendant had full access to Koryeo's QuickBooks files which contained its inventory, product lists, customer contact lists, vendor lists, pricing information, sales information and statistics, accounting information along with other similar confidential and proprietary information.

22. As part of his employment, Defendant was granted access to Koryeo's QuickBooks files to perform and oversee the performance of sales to Koryeo's customers and purchasing from vendors. Specifically, Defendant utilized remote computer access through "Teamview" software to access the QuickBooks files contained on his office computers.

23. Koryeo utilized several different security measures to ensure and safeguard the confidentiality of its confidential and proprietary information contained in its QuickBooks files. These measures include, but are not limited to, the following security barriers:

    a. Koryeo's premises are protected by a security alarm system;

    b. All employees are required to utilize a key-card to access Koryeo's premises;

    c. Remote access to Koryeo's computers was password protected and only individuals with such passwords could access his work computers remotely; and

    d. Koryeo's QuickBooks files (e.g. customer lists and pricing information) were password protected and only individuals with such passwords could access such files.

24. Within days after his resignation and for some time thereafter, Defendant illegally broke into Koryeo's computer system and accessed, downloaded and/or copied Koryeo's confidential and proprietary information (i.e. QuickBooks files) without authorization for his personal gain at the detriment of Koryeo.

25. Specifically, on eighteen (18) separate occasions from July 15, 2019 until October 8, 2019 (i.e. all after his resignation) Defendant accessed, downloaded and/or copied Koryeo's confidential and proprietary information (i.e. QuickBooks files) without authorization for his personal gain and to the detriment of Koryeo.

26. Defendant illegally accessed Koryeo's confidential and proprietary information on those occasions either late in the evening or early the morning hours in an attempt to evade detection. Specifically, Defendant accessed Koryeo's files as follows: [1]

---

[1] All times referenced in Exhibit A are based on Greenwich Mean Time (GMT).

| Date | Time In | Time Out | Minutes:Seconds Logged In |
|---|---|---|---|
| 7/15/19 | 2:42:27 A.M. | 2:44:49 A.M. | 2:22 |
| 7/16/19 | 3:11:26 A.M. | 3:18:44 A.M. | 7:18 |
| 7/17/19 | 4:01:20 A.M. | 4:08:22 A.M. | 7:02 |
| 7/22/19 | 11:17:59 P.M. | 11:21:15 P.M. | 3:16 |
| 7/29/19 | 4:00:02 A.M. | 4:16:23 A.M. | 16:21 |
| 8/1/19 | 2:00:54 A.M. | 2:41:36 A.M. | 40:42 |
| 8/1/19 | 2:44:32 A.M. | 3:04:15 A.M. | 19:43 |
| 8/1/19 | 11:44:28 P.M. | 11:46:16 P.M. | 1:48 |
| 8/2/19 | 2:42:27 A.M. | 3:22:14 A.M. | 39:47 |
| 8/12/19 | 9:44:28 P.M. | 9:56:13 P.M. | 11:45 |
| 8/20/19 | 11:40:25 P.M. | 11:53:54 P.M. | 13:29 |
| 8/25/19 | 10:23:11 P.M. | 10:28:21 P.M. | 5:10 |
| 8/28/19 | 2:17:44 A.M. | 2:28:35 A.M. | 10:51 |
| 9/1/19 | 3:34:31 A.M. | 3:39:19 A.M. | 4:48 |
| 9/10/19 | 10:01:05 A.M. | 10:04:49 A.M. | 3:45 |
| 9/27/19 | 12:34:34 A.M. | 12:41:26 A.M. | 6:52 |
| 9/27/19 | 12:41:38 A.M. | 12:42:48 A.M. | 1:10 |
| 10/8/19 | 12:44:26 A.M. | 12:46:11 A.M. | 1:45 |

27. Defendant accessed Koryeo's Quick Books accounting system on those eighteen (18) occasions in order to improperly download Koryeo's confidential and proprietary information for later use, in connection with his potential employment with HFFS, a competitor.

28. Upon information and belief, no later than October 2019, Defendant commenced employment with HFFS performing sales and purchasing in direct competition with Koryeo.

29. From Defendant's resignation through the present, Defendant has utilized the illegally obtained confidential and proprietary information to solicit Koryeo's customers to cease purchasing products from Koryeo and instead purchase such products from HFFS.

30. Defendant has utilized Koryeo's confidential and proprietary information which he illegally accessed to contact and order products from Koryeo's vendors on behalf of HFFS in order to "copy" products that are repackaged and sold under Koryeo's brand and undercut Koryeo's prices in order to solicit business away from Koryeo.

31. Some of Koryeo's largest vendors have advised Hong that since Defendant's resignation from Koryeo, Defendant has purchased the same products that Koryeo purchases in order to repackage and sell under Koryeo's brand.

32. Defendant's scheme has already been effective in that Koryeo's sales to its largest customer, Food Bazaar, have decreased for the period of June to August 2020 in comparison to the sales for the same period in 2019 (i.e. sales have been reduced by approximately $343,219).

33. Moreover, Food Bazaar, which has been a customer of Koryeo for nearly ten (10) years and accounts for approximately 20% of Koryeo's annual sales (i.e. more than $7,000,000 per year), notified Hong that it will no longer purchase any products from Koryeo as of September 1, 2020.

34. Due to Defendant's conduct, Koryeo has already suffered a loss of $343,219 and will continue to suffer losses of over $7,000,000 per year starting September 1, 2020.

35. Upon information and belief, Food Bazaar was solicited by Defendant to cease purchasing products from Koryeo in order to purchase products from HFFS instead.

36. Upon information and belief, Defendant is paid anywhere between 1% and 2% sales commission by HFFS on his sales, including sales to Food Bazaar.

37. In addition, Koryeo, is concerned about additional future sales decline and/or loss of additional customers due to Defendant's unscrupulous conduct. In fact, Defendant's unlawful theft and continued use of Koryeo's confidential and proprietary information (e.g. sales, product and vendor information) will allow HFFS to copy Koryeo's products and undercut Koryeo's pricing in order to destroy Koryeo's business. Moreover, Koryeo will not be able to conduct its business normally with all of its customers being constantly solicited by Defendant's recruitment efforts. Accordingly, Koryeo is in danger of immediate and irreparable harm which will include

loss of customer relationships, loss of control of reputation and loss of goodwill which all have been amassed by Koryeo over several decades. Such irreparable harm cannot be cured through monetary relief alone and an injunction is needed.

## COUNT I

## <u>VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT</u>

38. Koryeo hereby repeats and realleges paragraphs 1 through 37 as though fully set forth herein.

39. The actions of Defendant as described above constitute violations of one or more provisions of CFAA, 18 U.S.C. § 1030.

40. CFAA provides, in relevant part:

> Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i). Damages for a violation involving only conduct described in subsection (c)(4)(A)(i)(I) are limited to economic damages.

18 U.S.C. § 1030(g).

41. The "factor" described in subsection (c)(4)(A)(i)(I) is a "loss to 1 or more persons during any 1-year period ... aggregating at least $5,000 in value." 18 U.S.C. § 1030 (c)(4)(A)(i)(I).

42. "Loss" is defined in CFAA as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. § 1030(e)(11).

43. By intentionally accessing and obtaining data and information on Koryeo's protected computers without authorization, Defendant caused loss in excess of $5,000 in value.

8

44. Koryeo incurred and shall incur substantial loss in responding to Defendant's violations of CFAA, including conducting a damage assessment.

45. Koryeo has no adequate remedy at law.

## COUNT II

### MISAPPROPRIATION AND MISUSE OF TRADE SECRETS AND CONFIDENTIAL INFORMATION - NEW JERSEY TRADE SECRETS ACT, N.J.S.A. 56:15-1, et seq. ("NJTSA")

46. Koryeo hereby repeats and realleges paragraphs 1 through 45 as though fully set forth herein.

47. Koryeo's books, files and records, including, but not limited its QuickBooks files containing inventory, product lists, customer contact lists, vendor lists, pricing information, sales information and statistics, accounting information along with other similar non-public, business information are highly confidential.

48. This information derives independent economic value by not being accessible, through proper means, to competitors such as HFFS, which can profit from its use or disclosure. The identities of Koryeo's customers, as well as other confidential and proprietary information, including, but not limited to, product lists, vendor lists, pricing information, sales information and statistics are not readily available to the public or to Koryeo's competitors. Koryeo has spent significant sums, in terms of both financial and human resources, to develop and maintain this information, which is of great value to any competitor.

49. Koryeo has taken more than adequate measures under the circumstances to maintain the secrecy of its confidential and proprietary information, including without limitation by restricting access to such information on a need-to-know basis, and maintaining the files in a secure building and on computer systems that are password-protected.

50. Additionally, by virtue of his employment by Koryeo, Defendant had a duty not to reveal confidential and proprietary information he obtained or to use such information for his own benefit and to the detriment of Koryeo.

51. By virtue of Koryeo's development and ownership of its confidential and proprietary information, Koryeo is entitled to the exclusive use and enjoyment of this information.

52. The confidential and proprietary information of Koryeo was communicated to Defendant while he was employed in a position of trust and confidence.

53. By engaging in the conduct described above, Defendant has intentionally, willfully and maliciously misappropriated, misused, revealed and disclosed trade secrets and/or confidential or proprietary information or knowledge of Koryeo, and continue and will continue to do so, in violation of a confidential relationship between Koryeo and Defendant.

54. Upon information and belief, Defendant inevitably will use or disclose Koryeo's confidential and proprietary information to HFFS in the performance of his duties to HFFS.

55. As a consequence of the foregoing, Koryeo has suffered and will continue to suffer irreparable harm and loss.

## COUNT III

### TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

56. Koryeo hereby repeats and realleges paragraphs 1 through 55 as though fully set forth herein.

57. Until the events giving rise to this action, Koryeo had maintained relationships, or the expectancy of relationships, with its customers.

58. Koryeo had the reasonable expectation that these relationships would continue and would not be unjustifiably disrupted.

59. Because Defendant worked for Koryeo before quitting his employment to work for HFFS, a competitor of Koryeo, Defendant was and remains aware of these relationships and/or expectancies.

60. Notwithstanding his knowledge of the existence of these relationships and expectancies, Defendant, intentionally and with malice, unjustifiably caused Food Bazaar to cease doing business (in whole or in part) with Koryeo.

61. As a result of Defendant's tortious interference with Koryeo's customer relationships, Koryeo has been injured and faces irreparable injury, and Koryeo is threatened with losing additional customers, its competitive advantage and goodwill in amounts which may be impossible to determine, unless Defendant is permanently enjoined and restrained by order of this Court.

62. WHEREFORE, Koryeo demands judgment against the Defendant in an amount to be determined at trial, together with injunctive relief, compensatory damages, punitive damages, interest, costs, attorneys' fees and such other relief as to the Court may seem just and proper.

## COUNT IV

### MISUSE OF CONFIDENTIAL AND PROPRIETARY INFORMATION

63. Koryeo hereby repeats and realleges paragraphs 1 through 62 as though fully set forth herein.

64. Koryeo provided specific information to Defendant in the course of his employment for the sole purpose of servicing Koryeo's customers.

65. The specific information provided by Koryeo to Defendant was legally protectable as proprietary and confidential information.

66. The specific information provided by Koryeo to Defendant was not known to others outside Koryeo's business.

67. Koryeo took measures to protect the secrecy of his proprietary and confidential information.

68. The proprietary and confidential information, developed at the Koryeo's own effort and expense, was valuable to them and to any competitor as it represents the basis for which it earns the majority of its revenue.

69. As outlined above, upon information and belief, Defendant misappropriated Koryeo's proprietary and confidential information for his own advantage.

70. As a result of Defendant's misappropriation of Koryeo's proprietary and confidential information, Koryeo has been injured and faces irreparable injury, and Koryeo is threatened with losing additional customers, its competitive advantage and goodwill in amounts which may be impossible to determine, unless Defendant is permanently enjoined and restrained by order of this Court.

71. WHEREFORE, Koryeo demands judgment against Defendant in an amount to be determined at trial but not less than $7,500,000.00, together with injunctive relief, compensatory damages, punitive damages, interest, costs, attorneys' fees and such other relief as to the Court may seem just and proper.

## COUNT V

## CONVERSION

72. Koryeo hereby repeats and realleges paragraphs 1 through 71 as though fully set forth herein.

73. Upon information and belief, Defendant converted Koryeo's property, such as its confidential and proprietary information, for his own use without right or color of law, thereby depriving Koryeo of control and dominion over its own property.

74. As a result of Defendant's conversion, Koryeo has been injured and faces irreparable injury, and Koryeo is threatened with losing additional customers, its competitive advantage and goodwill in amounts which may be impossible to determine, unless Defendant is permanently enjoined and restrained by order of this Court.

75. WHEREFORE, Koryeo demands judgment against the Defendant in an amount to be determined at trial, together with injunctive relief, compensatory damages, punitive damages, interest, costs, attorneys' fees and such other relief as to the Court may seem just and proper.

## COUNT VI

## UNFAIR COMPETITION

76. Koryeo hereby repeats and realleges paragraphs 1 through 75 as though fully set forth herein.

77. Defendant undertook the foregoing acts of interference with Koryeo's customer relationships and, upon information and belief, misuse of Koryeo's confidential and proprietary information, in order to gain an unfair competitive edge over Koryeo.

78. Defendant willfully undertook the foregoing acts with knowledge of and disregard for Koryeo's rights, and with the intention of causing harm to Koryeo and benefitting Defendant.

79. As a result of Defendant's unfair competition, Koryeo has been injured and faces irreparable injury, and Koryeo is threatened with losing additional customers, its competitive advantage and goodwill in amounts which may be impossible to determine, unless Defendant is permanently enjoined and restrained by order of this Court.

80. WHEREFORE, Koryeo demands judgment against the Defendant in an amount to be determined at trial, together with injunctive relief, compensatory damages, punitive damages, interest, costs, attorneys' fees and such other relief as to the Court may seem just and proper.

## COUNT VII

### UNJUST ENRICHMENT

81. Koryeo hereby repeats and realleges paragraphs 1 through 80 as though fully set forth herein.

82. A party is unjustly enriched if it received a benefit and retention of that benefit without payment would be unjust.

83. Defendant is unjustly enriched in this case because he interfered with Koryeo's business relationships with customers, and, upon information and belief, misappropriated Koryeo's confidential information, and Defendant is now benefitting from that wrongful conduct, which is unjust.

84. As a result of Defendant's unjust enrichment, Koryeo has been injured and faces irreparable injury, and Koryeo is threatened with losing additional customers, its competitive advantage and goodwill in amounts which may be impossible to determine, unless Defendant is permanently enjoined and restrained by order of this Court.

85. WHEREFORE, Koryeo demands judgment against the Defendant in an amount to be determined at trial, together with injunctive relief, compensatory damages, punitive damages, interest, costs, attorneys' fees and such other relief as to the Court may seem just and proper.

## COUNT XIII

## <u>BREACH OF FIDUCIARY DUTY</u>

86. Koryeo hereby repeats and realleges paragraphs 1 through 85 as though fully set forth herein.

87. Defendant, by virtue of the exceptional trust and responsibility placed in him by Koryeo, stands in the position of a fiduciary in relation to Koryeo that included, among other things: a duty not to improperly use Koryeo's business and business opportunities, a duty not to solicit Koryeo's customers to purchase products from competing businesses, and a duty to steal Koryeo's confidential and proprietary information for use during later employment with a competitor.

88. A fiduciary has the legal obligation to prefer the interests of his principal to his own interests. As a result of the conduct outlined herein (e.g. by interfering with Koryeo's business, and, by misappropriating and converting Koryeo's property), Defendant violated his fiduciary duty to Koryeo.

89. As a result of Defendant's breach of fiduciary duty, Koryeo has been injured and faces irreparable injury, and Koryeo is under threat of losing additional customers, its competitive advantage and goodwill in amounts which may be impossible to determine, unless Defendant is permanently enjoined and restrained by order of this Court.

90. WHEREFORE, Koryeo demands judgment against the Defendant in an amount to be determined at trial, together with injunctive relief, compensatory damages, punitive damages, interest, costs, attorneys' fees and such other relief as to the Court may seem just and proper.

## COUNT XIV

### REQUEST FOR EQUITABLE RELIEF – INJUNCTIVE RELIEF

91. Koryeo hereby repeats and realleges paragraphs 1 through 90 as though fully set forth herein.

92. An actual controversy exists between Koryeo and Defendant and this Court may declare the rights and other legal relations of any party hereto pursuant to 28 U.S.C. §§ 2201 and 2202.

93. Koryeo requests equitable relief in the form of temporary restraint, preliminary injunction and permanent injunction (a) enjoining Defendant from utilizing Koryeo's confidential and proprietary information, (b) enjoining Defendant from soliciting Koryeo's customers to cease purchasing products from Koryeo and/or purchase products from any company other than Koryeo, (c) ordering Defendant to return all of Koryeo's confidential and proprietary information (and destroy any copies of such information), and (d) granting such other further relief as may be just and proper.

94. Koryeo will suffer immediate and irreparable harm if equitable relief is not granted.

95. Defendant will not be harmed if enjoined from engaging in continued unfair and unlawful conduct.

96. Koryeo enjoys a high probability of success on the merits.

97. If Defendant is permitted to continue engaging in the aforementioned unlawful conduct, then Koryeo's business relations with its customers, built up over years of effort and investment, will be ruined.

98. WHEREFORE, Koryeo demands injunctive relief in the form of temporary restraint, preliminary injunction and permanent injunction, as well as judgment against the

Defendant in an amount to be determined at trial, together with injunctive relief, compensatory damages, punitive damages, interest, costs, attorneys' fees and such other relief as to the Court may seem just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Koryeo prays that:

1. An injunction, issue, preliminary until final hearing and permanently thereafter:

    a. Enjoining Defendant from utilizing Koryeo's confidential and proprietary information,

    b. Enjoining Defendant from soliciting Koryeo's customers to cease purchasing products from Koryeo and/or purchase products from any company other than Koryeo,

    c. Ordering Defendant to return all of Koryeo's confidential and proprietary information (and destroy any copies of such information), and

    d. Awarding Koryeo such other and further injunctive relief as this Court may deem just and proper.

2. Koryeo be granted an accounting compelling Defendant to account for all profits, compensation, remunerations and/or benefits obtained as a result of engaging in the aforementioned conduct.

3. Koryeo be awarded damages from the Defendant, jointly and severally, including:

    a. Compensatory damages to be determined at trial;

    b. Punitive and/or exemplary damages on all common law claims as permitted by statute;

    c.  Pre-judgment and post-judgment interest in an amount to be determined at trial; and

    d.  The costs and attorney's fees incurred by Koryeo in bringing this action;

4.  Koryeo be awarded damages for unjust enrichment resulting from the detriment suffered by Koryeos and the benefits received and appreciated by Defendant; and

5.  Awarding such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Koryeo hereby demands a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Joseph M. Labuda is hereby designated as trial counsel for Koryeo in the above matter.

## CERTIFICATION – NO OTHER ACTIONS

Koryeo, by its attorneys, hereby certifies that the matter in controversy is not the subject of any other action pending in any court and is likewise not the subject of any pending arbitration proceeding. Koryeo further certifies that it has no knowledge of any contemplated action or arbitration proceeding regarding the subject matter of this action and it is not aware of any other parties who should be joined in this action.

Dated: September 15, 2020

MILMAN LABUDA LAW GROUP PLLC

/s/ Joseph M. Labuda
Joseph M. Labuda, Esq.
Attorneys for Koryeo
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042
(516) 328-8899
joe@mllaborlaw.com

## VERIFICATION OF STEVE HONG

I, **STEVE HONG**, of full legal age, am the owner and President of Koryeo. I hereby verify that I have reviewed all of the allegations contained in the Verified Complaint and verify the truth of same. If any of the foregoing is willfully false, I am subject to punishment.

September 15, 2020

Steve Hong